THE BALDWIN COMPANY *v.*
WEYLAND MACHINE SHOP, INC., et al

CA 84-228                                    685 S.W.2d 537

Court of Appeals of Arkansas
Division II
Opinion delivered March 13, 1985

*Rose Law Firm, A Professional Association,* by: *W. Dane Clay,* for appellant.

*Howell, Price & Trice, P.A.,* by: *Carey E. Basham,* for appellee.

GEORGE K. CRACRAFT, Chief Judge. The Baldwin Company appeals from an order of the circuit court denying its petition that the Weyland Machine Shop, Inc., and Tex-Ark Joist Manufacturing Company and Consolidated Systems, Inc. be required to submit their claims growing out of a construction contract to arbitration under the Uniform Arbitration Act, Ark. Stat. Ann. §§ 34-511 et seq. (Supp. 1983).

The Baldwin Company was the general contractor for the construction of a physical education complex at the University of Arkansas at Pine Bluff in accordance with plans and specifications prepared by the architects. Weyland Machine Shop, Inc., entered into a contract with Baldwin by purchase order to furnish fabricated structural steel for the job in accordance with the specifications. Under their purchase order, delivery of the fabricated steel was to be at the job site. Baldwin Company entered into a subcontract with Vogt & Conant Southwest Corporation to erect and install the steel in accordance with the plan and specifications. Tex-Ark Joist Manufacturing Company and Consolidated Systems, Inc., were suppliers of Weyland.

Vogt & Conant asserted a claim against Baldwin for alleged damages caused by Weyland's delay in delivery of steel and demanded arbitration pursuant to the terms of certain general conditions in the prime contract which had been incorporated into the subcontract with Vogt & Conant. Baldwin Company brought this action against Weyland seeking damages for their alleged deficiency in fabrication and delays in delivery of the steel and also asked for indemnification for any amounts Baldwin might be required to pay Vogt & Conant. Baldwin Company additionally petitioned the court pursuant to the Uniform Arbitration Act that all parties be joined in and bound by a single arbitration proceeding. The trial court ordered arbitration between Vogt & Conant and Baldwin but denied the petition to require Weyland and its suppliers to participate in the arbitration proceedings because they had not consented in writing to submit to arbitration. Ark. Stat. Ann. § 34-511. Baldwin Company brings this appeal contending that the trial court erred in that finding. We do not agree.

Both parties concede that under the provisions of § 34-511 no one can be required to submit to arbitration unless he has consented to do so in a written agreement. They differ only in the interpretation of certain paragraphs of American Institute of Architects, Document No. 8201, styled "General Conditions of the Contract for Construction" which all parties agree are incorporated into the contracts between

Baldwin and Vogt & Conant and Baldwin and Weyland Machine Shop.

Section 7.9.1 of that contract deals with arbitration. It provides that all claims, disputes and other matters in question between "the contractor and the owner . . . shall be decided by arbitration . . . ." It further provides that no other party shall be joined in the arbitration other than "the owner, the contractor and any other persons substantially involved in a common question of fact or law whose presence is required if complete relief is to be accorded in the arbitration." Section 5.1.1 defines a subcontractor to perform any of the work at the site." Section 5.3.1 provides, among other things, that unless a subcontractor's contract provides otherwise he shall have the benefit of all rights, remedies and redress against the contractor that the contractor has against the owner.

It is clear that this section would require arbitration between a subcontractor and a contractor. We agree with the trial court that Weyland was merely a supplier, and not a subcontractor within the meaning of this document. Weyland did not contract to perform any work. It merely delivered steel for work to be performed by Vogt & Conant Southwest Corporation and therefore was not required under the terms of that document to submit to arbitration.

The appellant argues that even though Weyland is not a subcontractor Weyland's consent to arbitrate is found in that portion of Section 7.9.1 dealing with joinder of parties, which is as follows:

> No arbitration shall include by consolidation, joinder or in any other manner parties other than the Owner, the Contractor (subcontractor) and any other persons substantially involved in the common question of fact or law, whose presence is required if complete relief is to be accorded in the arbitration.

In appellant's brief it points out the reason for § 7.9.1 is that some courts have refused to order multiparty arbitrations where the arbitration agreements involved did not

provide for it. *Stop and Shop Cos.* v. *Gilbane Building Co.,* 304 N.E.2d 429 (Mass. 1973). In its brief it states;

> Apparently because of such decisions, in 1976 the American Institute of Architects amended its general conditions and the American Arbitration Association amended its rules to provide expressly for consolidation or joinder of substantially involved parties.

We do not interpret § 7.9.1 as contractually compelling consent to arbitration. It is a procedural provision which merely specifies circumstances under which *consenting* parties who are not owners, contractors or subcontractors *may* be joined in a single arbitrated matter. This section is construed to mean the joinder of substantially involved parties "who have consented to arbitration" and does not itself imply consent of a supplier. We find no error.

Affirmed.

GLAZE and CORBIN, JJ., agree.